IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-02284-CMA-KAS

HUNTER ADAM MELNICK,

    Plaintiff,

v.

TONYA GAMBLIN, CPO DOC
DEAN WILLIAMS, Exce Dir of Prisons DOC
JOE BRADY, CPS DOC,
SARA PHELPS, CPS DOC,
JOE WHITE CPM, and
THERESA MITCHELL,
    Defendants.

---

### ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING JULY 27, 2023 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the July 27, 2023 Recommendation (Doc. # 123) of former United States Magistrate Judge Kristin L. Mix,[1] wherein she recommends granting in part and denying in part Defendants' Motion (Doc. # 100) to Dismiss Amended Prisoner Complaint. Plaintiff Hunter Melnick,[2] proceeding *pro se*, objects to

---

[1] Judge Mix retired at the end of July 2023. This matter was reassigned to Magistrate Judge Kathryn A. Starnella on August 7, 2023. (Doc. # 127.)

[2] Defendants state that in another matter Plaintiff has requested the use of gender-neutral pronouns. (Doc. # 100 at 2 n.2.) However, to date no filings in this action have identified Plaintiff's preferred pronouns or title. *See* (*id*.) If Plaintiff wishes the Court to use specific pronouns the Court will accommodate that request.

that Recommendation. (Doc. # 124.) For the following reasons, the Court overrules Plaintiff's Objection and affirms Judge Mix's Recommendation.

## I. BACKGROUND

Judge Mix's Recommendation provides a thorough recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate only the facts necessary to address Plaintiff's Objection.

This litigation revolves around parole conditions imposed on Plaintiff during a previous period of parole, from July to September 2020, pursuant to Colorado's Sex Offender Lifetime Supervision Act ("SOLSA"). (Doc. # 90 at 8.) Amongst other things, Plaintiff's parole conditions restricted internet use, banned Plaintiff from social media, restricted contact with certain individuals, and prohibited employment at a specific job. *See generally* (Doc. # 90.) Plaintiff asserted six claims related to these conditions: (1) a First Amendment claim in connection with "a near total ban" on Plaintiff's internet access (Claim One); (2) a First Amendment claim in connection with "a total ban on social media" (Claim Two); (3) a Fourteenth Amendment claim "for unwarranted intrusion into familial relationships" (Claim Three); (4) a First and Fourteenth Amendment violation related to a liberty interest in freedom of occupation in connection with a prohibition on Plaintiff working at a certain job (Claim Four); (5) a First Amendment retaliation claim (Claim Five); and (6) a claim that SOLSA, Colo. Rev. Stat. § 18-1.3-1005, is unconstitutional (Claim Six). (Doc. # 90 at 8-13); *see also* (Doc. # 123

at 2–3.) Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages. (Doc. # 90 at 6); *see also* (Doc. # 123 at 3.)

On March 1, 2023, Defendants filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 100 at 5.) Judge Mix issued her Recommendation on July 27, 2023. (Doc. # 123.) Judge Mix recommends that:

- the Motion (Doc. # 100) be granted as to Plaintiff's claims for injunctive and declaratory relief, and that these claims be dismissed without prejudice based on mootness (Doc. # 123 at 6–7, 27);
- the official capacity claims be dismissed, and that Defendant Williams, who is sued only in his official capacity, be dismissed from the case (*id.* at 6–8, 27);
- the Motion (Doc. # 100) be granted and Defendants be given qualified immunity as to Claim Three's claims concerning individuals other than Plaintiff's wife, and that this portion of Claim Three be dismissed without prejudice (Doc. # 123 at 17–18, 20–23, 27);
- the Motion (Doc. # 100) be granted and Defendants be given qualified immunity as to Claim Four, and that this claim be dismissed with prejudice because amendment would be futile (Doc. # 123 at 23–25, 27–28);
- the Motion (Doc. # 100) be granted and Defendants be given qualified immunity as to Claim Five, and that this claim be dismissed without prejudice (Doc. # 123 at 12–17, 28); and

- the Motion (Doc. # 100) be granted and Defendants be given qualified immunity as to Claim Six, and that this claim be dismissed with prejudice because amendment would be futile (Doc. # 123 at 26–28).

Further, Judge Mix recommends that the Motion be denied as to

- Claim One against Defendants Gamblin and Phelps (Doc. # 123 at 9–12, 28);
- Claim Two against Defendants Gamblin and Mitchell[3] (*id.*); and
- the portion of Claim Three against Defendant Gamblin as to the familial association involving Plaintiff's wife (*id.* at 17–20, 28).

Plaintiff timely filed his "Reply to Report and Recommendation," which the Court liberally construes as an Objection, on August 2, 2023.[4] (Doc. # 124.) Defendants responded on August 16, 2023. (Doc. # 130.) Defendants declined to object to the Recommendation. *See* (Doc. # 131.)

## II.  LEGAL STANDARDS

### A.  REVIEW OF PLEADINGS BY A *PRO SE* PLAINTIFF

Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations

---

[3] Plaintiff added Defendant Mitchell as a party to this suit in Plaintiff's Amended Complaint. (Doc. # 90.) However, at present, Defendant Mitchell has not been served and is thus not a party to the Motion. (Doc. # 100 at 1 n.1.)

[4] The proper means of challenging a magistrate judge's report and recommendation is through a timely objection pursuant to Fed. R. Civ. P. 72(b)(2). *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996).

omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a movant's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [movant] in the absence of any discussion of those issues."). Further, *pro se* litigants are still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

**B.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

5

intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

To be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

## C.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the

context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

### III.   ANALYSIS

**A.   PORTIONS OF THE RECOMMENDATION TO WHICH NEITHER PARTY OBJECTED**

As an initial matter the Court notes that neither party objected to Judge Mix's Recommendation (Doc. # 123 at 6–12, 27) as it pertains to Claims One and Two, or as to Plaintiff's claims for injunctive and declaratory relief, and official capacity claims. *See generally* (Docs. ## 124, 131.) Additionally, no objections were raised as to Judge Mix's Recommendation (Doc. # 123 at 8, 15–17, 27–28) that Defendants Williams, White and Brady be dismissed from the case. (Docs. ## 124, 131.) Finally, neither party objected to Judge Mix's analysis (Doc. # 123 at 26–27) as it relates to Plaintiff's facial challenge to SOLSA (Claim Six), Colo. Rev. Stat. § 18-1.3-1005. (Docs. ## 124, 131.)

After reviewing the Recommendation of Judge Mix, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law as it pertains to (1) Plaintiff's Claims One and Two, (2) Plaintiff's claims for injunctive and declaratory

relief, (3) Plaintiff's official capacity claims, (4) the dismissal of Defendants Williams, White, and Brady from this case, and (5) the facial challenge contained within Claim Six. *Summers*, 927 F.2d at 1167. Accordingly, the Court affirms these portions of the Recommendation.

**B.    PLAINTIFF'S OBJECTIONS**

　　1.　　Claim Three – Intrusion into Familial Relationships

First, Plaintiff provides additional factual averments regarding his relationships with Olga and Lee Payne, as well as with Ryan Sullivan, Plaintiff's Parole Sponsor, with whom he has alleged that Defendants restricted association. (Doc. # 124 at 1.) However, these facts do not appear in Plaintiff's Amended Complaint (Doc. # 90) and it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss or through objections to the Recommendation" of a Magistrate Judge. *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint)). Accordingly, the Court declines to consider factual allegations raised for the first time in Plaintiff's Objection and is satisfied that Judge Mix's Recommendation is correct as it relates to this portion of Claim Three. *See* Fed. R. Civ. P. 72(a).

Recognizing that Plaintiff may be able to amend his Complaint to state a plausible claim, Judge Mix recommended that the portion of Claim Three relating to these individuals be denied without prejudice. (Doc. # 123 at 20–23.) Should Plaintiff

choose, he may seek leave of the Court to amend his complaint to cure the deficiencies identified by Judge Mix in her Recommendation. *See* (*id.*)

    2.    <u>Claim Four – Interference with Plaintiff's Right to Work</u>

Judge Mix concluded that Plaintiff had not plausibly alleged that Defendant Gamblin violated his constitutional right to engage in a chosen field of employment because the "fact that it may be difficult to obtain employment because of the parole restrictions . . . is not sufficient to state a due process claim[,]" and the restrictions on Plaintiff's employment were merely temporary. (*Id.* at 24.) Plaintiff argues that Judge Mix misconstrued this claim because he alleged that Defendant Gamblin "fired Plaintiff from a specific job and then enforced such harsh limitations on Plaintiff that it made securing a new job impossible, not improbable and not temporarily." (Doc. # 124 at 1–2); *see also* (*id.* at 3.) Plaintiff goes on to describe a requirement allegedly imposed by Defendant Gamblin that Plaintiff log every website he visited, which Plaintiff argues amounted to harassment and served no legitimate penological or rehabilitative purpose. (*Id.* at 2–3.) Plaintiff also avers that this requirement made it impossible for him gaining employment as a software developer because it destroyed his ability to work efficiently. (*Id.* at 3.)

However, the factual allegation that Defendant Gamblin required Plaintiff to log every website he visited does not appear in his Amended Complaint. (Doc. # 90 at 8–9, 11.) As discussed above, facts not raised in the Amended Complaint are not properly before the Court and will not be considered. *Wilson*, 2020 WL 5815915, at *5. As such, the Court does not address Plaintiff's arguments related to this requirement.

The only Objection remaining before the Court is Plaintiff's argument that his First and Fourteenth Amendment rights were violated because his limited internet access—including an inability to further his education through websites such as Coursera, Google, and Upwork—made it impossible to secure employment within the software development field. (Doc. # 124 at 1–3.) However, as Judge Mix pointed out, Plaintiff's Amended Complaint does not contain facts plausibly alleging that Defendant Gamblin, or anyone else, completely prohibited him from working as a software engineer. *See Conn v. Gabbert*, 526 U.S. 286, 291–292 (1999) (holding that the right to choose one's field of private employment is not violated when the state action does not constitute a "complete prohibition of the right to engage in a calling"); (Doc. # 123 at 23–25.) Further, Plaintiff's Amended Complaint revolves exclusively around parole restrictions to which he was subjected from July to September 2020. (Doc. # 90 at 8.) Although these restrictions might have been in effect longer than three months had Plaintiff not violated his parole, they were, in fact, temporary. As such, they are insufficient to plausibly allege a constitutional violation. *Conn*, 526 U.S. at 292.

In short, upon de novo review, the Court agrees with Judge Mix that Plaintiff has not alleged facts sufficient to plausibly allege a violation of his due process right to choose one's field of private employment. *See* (Doc. # 123 at 23–25.)

    3.    <u>Claim Five – First Amendment Retaliation</u>

Turning to Plaintiff's First Amendment Retaliation claim, liberally construed, Plaintiff argues that he sufficiently established "a causal connection between the protected conduct and the adverse [] action," *Unal v. Los Alamos Pub. Schs.*, 638 F.

App'x 729,741–42 (10th Cir. 2016) (quotation omitted), because he alleged Defendant Gamblin imposed the restrictions at issue immediately upon discovering he had filed lawsuits against her colleagues. (Doc. # 124 at 3–4.) However, as Judge Mix explained, this allegation is conclusory—it is not supported by statements of fact such as "when, specifically, Gamblin found out about the lawsuits, the facts which support this alleged discovery, and when Gamblin imposed the parole restrictions at issue in relation to her discovery of the lawsuits." (Doc. # 123 at 14.)

Plaintiff also argues that the emails and chronology submitted with his Response (Doc. # 106) to the instant Motion demonstrate this immediacy and should be considered as they are central to his Complaint and are referenced therein. (Doc. # 124 at 3.) However, Plaintiff cannot "amend [the] complaint by adding factual allegations in response to a motion to dismiss," *Abdulina v. Eberl's Temporary Servs.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (citing *Jojola*, 55 F.3d at 494), and Judge Mix permissively declined to consider these attachments. (Doc. # 123 at 15 n.12.)

Finally, Plaintiff requests that "at the very least [this claim not] be dismissed with prejudice . . . as amendment of this claim would not be futile." (Doc. # 124 at 3.) Judge Mix recommended that this claim be dismissed without prejudice (Doc. # 123 at 12–17, 28) and the Court will affirm that recommendation. Should Plaintiff choose, he may seek leave of the Court to amend his complaint as it relates to this claim to cure the deficiencies identified by Judge Mix. *See* (*id.*)

4. <u>Claim Six – Constitutionality of SOLSA</u>

Last, Plaintiff objects (Doc. # 124 at 4) to Judge Mix's conclusion (Doc. # 123 at 26–27) that Plaintiff has failed to state an as-applied challenge to SOLSA, Colo. Rev. Stat. § 18-1.3-1005. The Objection, however, does not identify any specific legal or factual issues in the Recommendation. (Doc. # 124 at 4.) Instead, it argues that the existence of Plaintiff's other pending litigation supports a constitutional challenge to SOLSA, and that Plaintiff's experiences demonstrate SOLSA's discriminatory enforcement. (*Id.*)

However, this alone is insufficient to overcome the Amended Complaint's deficiencies. As Judge Mix explained, Plaintiff "has not plausibly shown that the statute 'is so standardless that it authorizes or encourages seriously discriminatory conduct.'" (Doc. # 124 at 27 (quoting *Melnick v. Raemisch*, No. 19-cv-00154-CMA-KLM, 2021 WL 4133919, at *14 (D. Colo. Sept. 10, 2021)); *United States v. Williams*, 553 U.S. 285, 304 (2008). Therefore, the Court overrules Plaintiff's objection and affirms Judge Mix's Recommendation as it pertains to Claim Six.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff Hunter Melnick's Objection (Doc. # 124) is OVERRULED;

- the July 27, 2023 Recommendation of United States Magistrate Judge (Doc. # 123) is AFFIRMED AND ADOPTED;

- the Defendants' Motion to Dismiss (Doc. # 100) is GRANTED IN PART and DENIED IN PART.

- The Motion is DENIED as to

    o Claim One against Defendants Gamblin and Phelps;

    o Claim Two against Defendants Gamblin and Mitchell; and

    o the portion of Claim Three against Defendant Gamblin as to the familial association involving Plaintiff's wife.

- The Motion is GRANTED in all other respects.

Accordingly,

- Plaintiff's Claims Four and Six are DISMISSED WITH PREJUDICE;

- Plaintiff's Claims for injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE based on mootness;

- Plaintiff's official capacity claims are DISMISSED, and Defendant Williams is DISMISSED from the case;

- Defendants White and Brady are DISMISSED from this case for lack of personal participation;

- Defendants are given qualified immunity as to Claim Three's claims concerning individuals other than Plaintiff's wife, and this portion of Claim Three is DISMISSED WITHOUT PREJUDICE; and

- Defendants are given qualified immunity as to Claim Five, and this claim is DISMISSED WITHOUT PREJUDICE.

- Should Plaintiff wish to amend the complaint as to Claims Three and Five, he shall file a motion for leave to amend together with a proposed amended

complaint curing the deficiencies identified in this Order on or before October 2, 2023, otherwise Claims Three and Five will be dismissed with prejudice.

DATED: August 31, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge